# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: January 28, 2020

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MADISON ASTLE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Case No. 14-369V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Proffer; Varicella |
| AND HUMAN SERVICES, | * | Vaccine; Chronic Headaches. |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Renee J. Gentry, The Law Office of Renee J. Gentry, Washington, DC, for petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On April 30, 2014, Stephanie Astle filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"),[2] on behalf of her then minor daughter, Madison Astle ("Petitioner"), in which she alleged that the human papillomavirus ("HPV") and varicella vaccinations that Madison received on January 16, 2012, caused her to develop severe headaches and increased spinal fluid pressure. Petition at 1-2. On May 15, 2018, the undersigned issued a ruling finding petitioner entitled to compensation.

On January 28, 2020, respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, respondent represented that petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa.

the proffered award.  Proffer at 1.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

**(1) A lump sum payment of $256,284.59 in the form of a check made payable to petitioner, Madison Astle.**

**(2) An amount sufficient to purchase the annuity contract described in section II.B. of the Proffer.**

Proffer at 2-3.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

―――――――――――――――――――――――――――  )
                                          )
MADISON ASTLE,                            )
                                          )
                Petitioner,               )
                                          )
        v.                                )         No. 14-369V
                                          )         Special Master Dorsey
SECRETARY OF THE DEPARTMENT OF            )         ECF
HEALTH AND HUMAN SERVICES,                )
                                          )
                Respondent.               )
―――――――――――――――――――――――――――  )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.    Items of Compensation and Form of Award

In her Ruling on Entitlement issued on May 15, 2018, Special Master Dorsey found that a preponderance of the evidence supported petitioner's claim that the varicella vaccine administered to her on January 16, 2012, caused her chronic headache syndrome.  Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

―――――――――――――――――――

[1]  The parties have no objection to the amount of the proffered award of damages.  Assuming the Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's May 15, 2018, Ruling on Entitlement.

[2]  Should Madison Astle die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

-1-

A.  A lump sum payment of $256,284.59, representing all compensatory damages available under 42 U.S.C § 300aa-15(a), except as described in paragraph B, in the form of a check payable to petitioner,  Madison Astle.

B.  For all other compensatory damages available under 42 U.S.C § 300aa-15(a), an amount sufficient to purchase the annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart entitled Appendix A: Items of Compensation for Madison Astle, attached hereto as Tab A attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner only so long as she, Madison Astle, is alive at the time a particular payment is due.  At the Secretary's sole discretion, the

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.  Madison Astle Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
> d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.    Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2.    Life-Contingent Annuity

The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Madison Astle, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Madison Astle's death. Petitioner agrees.[6]

III.    **Summary of Recommended Payments Following Judgment**

A.    Initial cash payable to petitioner, Madison Astle:                **$256,284.59**

B.    An amount sufficient to purchase the annuity contract described
above in section II. B.

---

[6] Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Glenn A. MacLeod*
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4122

Dated: _____

**Appendix A:  Items of Compensation for Madison Astle**                    Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Years 5-Life |
|---|---|---|---|---|---|---|---|---|
| | | | | 2020 | 2021 | 2022 | 2023 | 2024-Life |
| Tramadol | 5% | * | M | - | 387.36 | 387.36 | 387.36 | 900.00 |
| Diamox | 5% | * | M | - | 120.00 | 120.00 | 120.00 | 2,256.00 |
| Schooling Supplies | 4% | | | - | 550.00 | | | |
| Annual Totals | | | | 256,284.59 | 1,057.36 | 507.36 | 507.36 | 3,156.00 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

Annual Total for Year 1 includes $1,057.36 for first year life care expenses.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.