# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: August 12, 2020)

```
* * * * * * * * * * * * *
MADISON ASTLE,                  *    UNPUBLISHED
                                *    No. 14-369V
         Petitioner,            *
                                *    Special Master Dorsey
v.                              *
                                *    Attorneys' Fees and Costs
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
         Respondent.            *
* * * * * * * * * * * * *
```

Renee J. Gentry, The Law Offices of Renee J. Gentry, Washington, DC, for petitioner.
Heather L. Pearlman, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 30, 2014, Stephanie Astle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"), on behalf of her then-minor daughter Madison Astle ("petitioner"). Petitioner alleged that the human papillomavirus and varicella vaccinations that she received on January 16, 2012, caused her to develop severe headaches and increased spinal fluid pressure. Petition at 1-2, ECF No. 1. On January 28, 2020, the parties filed a proffer, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 177).

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On March 20, 2020, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 183). Petitioner requests compensation in the amount of $141,637.05, representing $113,404.00 in attorneys' fees and $28,233.05 in costs. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs in the amount of $516.41 in pursuit of this litigation. *Id.* at 2. Respondent filed his response on June 26, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 184). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $137,972.84.

**I.   Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

**a.   Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.  Reasonable Hourly Rates

For attorney Clifford Shoemaker, petitioner requests an hourly rate of $400.00 per hour for work performed in 2014, $415.00 per hour for work performed in 2015, $430.00 for work performed in 2016, $440.00 for work performed in 2017, $450.00 for work performed in 2018, and $460.00 per hour for work performed in 2019. For attorney Renee Gentry, petitioner requests $375.00 per hour for work performed in 2014, $400.00 per hour for work performed in 2015, $414.00 per hour for work performed in 2016, $424.00 for work performed in 2017, $435.00 per hour for work performed in 2018, $445.00 for work performed in 2019, and $464.00 per hour for work performed in 2020. Petitioner also requests $150.00 per hour for all paralegal work performed by Ms. Sabrina Knicklebein.

The requested rates are reasonable and consistent with what Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein have previously been awarded for their Vaccine Program work. Accordingly, no adjustment to the requested rates is necessary. However, it appears that Mr. Shoemaker inadvertently billed 0.2 hours in 2015 at $446.00 per hour instead of $400.00. Fees App. at 13. Correction of this error results in a reduction of $9.20.

### ii.  Reasonable Hours Expended

Upon review, the undersigned finds the overall hours billed to be mostly reasonable. However, some issues exist with the billing entries attributable to Mr. Shoemaker which have previously been noted by other special masters – namely, the vagueness of his entries and block billing. *See Barry v. Sec'y of Health & Human Servs.*, No. 12-39, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by ten percent due to vague billing entries); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez*, 2009 WL 2568468, at *8.

In this case, examples of vague entries prepared by Mr. Shoemaker include "Emails to Renee," "Emails from Renee," and "emails from client" because they do not describe the topic of

3

the correspondence, leaving the undersigned unable to determine whether the time billed for the correspondence was reasonable, or necessary at all. However, the undersigned's overall impression of the billing entries is that the amount of time billed on interoffice communication is excessive. Additionally, Mr. Shoemaker block billed large amounts of time on "Hearing preparation" without describing in greater detail what he was actually doing to prepare for the hearing. Fees App. at 26-27 (entries of 11.0, 7.0, 5.8, 6.0, 5.5 hours on hearing preparation without greater detail). However, in spite of these issues, the undersigned notes that the billing entries contain greater specificity than has been the case in the past, suggesting that Mr. Shoemaker has made efforts at improving his billing. Accordingly, the undersigned finds that a five percent reduction of Mr. Shoemaker's hours is appropriate in the instant case, resulting in a reduction of $4,171.42.

The remainder of the hours appear reasonable. Accordingly, petitioner is awarded final attorneys' fees of $109,223.38.

### b. Attorneys' Costs

Petitioner requests a total of $28,233.05 in attorneys' costs. The majority of this amount ($25,200.00) is for the expert work of Dr. Carlo Tornatore in preparing expert reports and testifying at the entitlement hearing, with the remainder comprised of acquiring medical records, and costs associated with the 2017 entitlement hearing. The undersigned has reviewed the submitted documentation and finds that all of these requested costs are reasonable and have been adequately supported. Accordingly, petitioner is awarded the full amount of costs sought.

### c. Petitioners' Costs

Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs in the amount of $516.41 in pursuit of this litigation for the Court's filing fee. Fees App. at 2. Petitioner has provided adequate documentation of her costs and the undersigned finds them to be reasonable. Petitioner is therefore entitled to a full reimbursement of costs incurred.

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $113,404.00 |
| (Total Reduction from Billing Hours) | - ($4,180.62) |
| **Total Attorneys' Fees Awarded** | **$109,223.38** |
| | |
| Attorneys' Costs Requested | $28,233.05 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$28,233.05** |
| | |

| | |
|---|---|
| **Total Attorneys' Fees and Costs Awarded** | $137,456.43 |
| **Total Petitioners' Costs Awarded** | $516.41 |
| **Total Amount Awarded** | $137,972.84 |

**Accordingly, the undersigned awards the following:**

1) **$137,456.43 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ms. Renee Gentry; and**

2) **$516.41 in petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.